## Gaebel, et ux. *v.* Thornbury Township Zoning Hearing Board.

218

Argued October 4, 1971, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MANDERINO, MENCER and ROGERS.

*Lawrence E. Wood,* for appellants.

*Sondra K. Slade* for *Laws, Ravacon and Gilbert,*
intervenors, with her *Edward H. P. Fronefield,* Solici-
tor for Thornbury Township, intervenor, with them
*Fronefield, DeFuria & Petrikin,* and *Crawford & Dia-
mond.*

OPINION BY JUDGE MANDERINO, December 30, 1971:
This appeal arises from a decision of the Court of
Common Pleas of Delaware County which refused Wil-
liam Gaebel and his wife permission to use their land

for Gaebel's business as a heavy equipment contractor and excavator.

Gaebel owns over seven acres of land in Thornbury Township in an area which is zoned partly Commercial and partly Flood Plain. Under the Thornbury Township Zoning Ordinance, neither a Commercial area nor a Flood Plain area has as one of its permitted uses a contracting or excavating business. In 1969, Gaebel began using his land in connection with his business. A cease and desist order was issued to Gaebel by the Township a year later and as a result of this order, Gaebel applied to the Zoning Hearing Board for the grant of a special exception, or in the alternative, a determination that Gaebel's use of his land was a valid nonconforming use. Both requests were denied by the Board and on appeal to the Court of Common Pleas of Delaware County the Board's decision was affirmed. This appeal followed.

Gaebel's first argument is that the use of his property in connection with his business is a permitted use under the Thornbury Township Zoning Ordinance because it is of the "same general character" as other uses permitted by the Ordinance. Gaebel's proposed use of his land is for the storage, maintenance, repair and dispatching of equipment in connection with his business. Thus, this proposed use involves the presence of heavy equipment on the land and the operation of this equipment on the land in connection with the maintenance of such equipment. All this is done unenclosed, in the open, and by Gaebel's own admission, sometimes occurs seven days a week and up to eighteen hours a day.

Since the portion of the tract on which Gaebel seeks to conduct his use is zoned Commercial, an examination of the use regulations in a Commercial District under the Thornbury Township Zoning Ordinance must

be made. Article VII, Section 701 of the Thornbury Township Zoning Ordinance lists the following uses to which a lot may be put in a Commercial District:

"1. Retail store and personal service shop.

"2. Bakery, confectionery, or custom shop for the production of articles to be sold only at retail on the premises.

"3. Bank or other financial institution.

"4. Professional office, studio and medical clinic building.

"5. Telephone, telegraph, public utility office and railway passenger station.

"6. Restaurant.

"7. Gasoline filling station, public garage and automobile repair shop.

"Any use of the same general character as any of the uses specifically permitted when authorized as a special exception by the Board of Adjustment, provided that such use does not adversely affect or interfere with the health, morals, safety and general welfare of the community."

It is Gaebel's contention that his proposed use is of the "same general character" as that of a "public garage" or a "gasoline filling station." We disagree with this contention.

Under the Thornbury Township Zoning Ordinance a public garage is defined as "a building, other than a private or a storage garage, one or more stories in height, used for the storage, maintenance and repair of motor vehicles." A gasoline filling station is not defined.

Initially, we emphasize the fact that Gaebel's operations were to be conducted in the open, which would immediately distinguish such a use from a public garage. While many activities in a gasoline filling station are conducted in the open, there are, however, im-

portant differences which distinguish those activities from those proposed by Gaebel for his land. The record in this case shows, by the testimony of Gaebel, that he proposes to use his land as a storage place for his own trucks and trailers, and for bulldozers, backhoes and trucks which are to be leased by others. It would be a rare public garage or filling station where one would encounter such an abundance of equipment in addition to the actual activity of dispatching and returning this equipment to and from various jobs. Any applicant for a special exception must show, at the outset, that his request is one permitted by special exception. In this case, Gaebel's request for a special exception would have been allowed only if he could have shown that it was of the same general character as one of the permitted uses. Having failed to show this to either the Zoning Hearing Board, the lower court, or to this court, we must affirm the decision denying Gaebel's request for a special exception.

Finally, Gaebel contends that the Thornbury Township Zoning Ordinance unconstitutionally excludes his proposed use from the Township. It is true that municipalities attempting to "zone-out" a particular use within its borders have generally been unsuccessful. See *Exton Quarries, Inc. v. Zoning Board of Adjustment*, 425 Pa. 43, 228 A. 2d 169 (1967). However, no such exclusion is present in this case. Article VIII of the Thornbury Township Zoning Ordinance provides for uses in a Limited Industrial District. It would appear that Gaebel's proposed use would be more appropriately located in a district permitting limited industry. In any event, the fact that the Ordinance provides for such districts refutes Gaebel's contention that it is unconstitutional.

The decision of the lower court is affirmed.

Judge CRUMLISH concurs in decision only.